UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAOUDA HILL,

    Petitioner,

    v.

JEANNE WOODFORD,

    Respondent.

        /

No. C 06-3203 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Daouda Hill, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed several months ago in the Eastern District of California, but was recently transferred to this district. Hill's petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Hill reports in his petition that he was convicted in 1993 in Madera County Superior Court of attempted murder. He was sentenced to life in prison with the possibility of parole in seven years. His petition does not challenge his conviction but instead challenges a decision by the Board of Prison Terms ("BPT") at a November 30, 2004 hearing that found him not suitable for parole. It appears that state court remedies were exhausted for the claim in the petition before he filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Hill alleges that the BPT's decision was not supported by sufficient evidence, in violation of his right to due process. Liberally construed, the petition states a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); McQuillion v. Duncan, 306 F.3d 895 (9th Cir. 2002).

**CONCLUSION**

For the foregoing reasons,

1. The due process claim in the petition warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **July 28, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 1, 2006**.

IT IS SO ORDERED.

DATED: May 25, 2006

                                                                             SUSAN ILLSTON
United States District Judge